**In the Matter of Randal Joseph WRAY.**

No. 98S00–9602–DI–123.

Supreme Court of Indiana.

June 28, 1996.

### ORDER IMPOSING RECIPROCAL DISCIPLINE

On January 25, 1994, the Supreme Court of Illinois suspended the respondent, an at-torney also admitted to practice in the state of Indiana, for a period of two years, at the conclusion of which he will be eligible for reinstatement to the bar of that state subject to approval petition and approval of the Supreme Court of Illinois.[1] On February 7, 1996, the Indiana Supreme Court Disciplinary Commission filed with this Court its *"Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause."* This Court, in response thereto, on April 12, 1996, issued an *Order to Show Cause* directing the parties to show cause in writing why this Court should not impose a sanction in this state identical to that imposed by the Illinois Supreme Court for the misconduct in which the respondent engaged. The Commission has responded, and this matter is now before this Court for final resolution.

Pursuant to Ind. Admission and Discipline Rule 23, Section 28, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state, provided that the Commission or the respondent fail to demonstrate, or this Court fails to find, that identical discipline should not be imposed. We now find that, in accordance with Admis.Disc.R. 23(28)(c), the respondent and the Commission have failed to demonstrate any reason why identical discipline should not be imposed in this state.

IT IS, THEREFORE, ORDERED that the respondent, Randal Joseph Wray, be suspended from the practice of law in this state for a period of not less than two years, effective January 25, 1994. Currently, the respondent is still suspended and may petition this Court for reinstatement, provided he meets the requirements contained in Admis.Disc.R. 23(4).

The Clerk of this Court is directed to forward notice of this Order to the respon-

---

**1.** In the underlying attorney disciplinary case, the Supreme Court of Illinois found that the respondent violated provisions of the *Rules of Professional Conduct* and the *Code of Professional Responsibility* in each of five counts. Specifical-ly, the Illinois Supreme Court found that the respondent converted client funds to his own use, failed to refund unearned attorneys fees, and failed to comply with investigative subpoenas during his disciplinary proceedings.